Joseph F. Hawkins, J.
By this article 78 proceeding, petitioner, principal of the Orangeburg Elementary School, seeks an order compelling the respondent, Orangetown Central School District No. 1, to pay him salary increases, which, it is urged, are mandated by section 3106-b of the Education Law of the State of New York. The statute enacted by chapter 660 of the Laws of 1964, effective July 1, 1964, provides, in part: “ The Board of Education shall be required to grant salary increases to school principals above the grade of teacher, whenever it grants increases to teachers on the maximum of their salary schedules ”.
*931 The statute then continues by applying a variable descending formula to govern such increases depending upon whether the pedagogue involved is serving as principal of a high school, junior high school or elementary school.
Petitioner has served as principal of the school for more than five years. The respondent during the years in question granted salary increases to its teachers in categories denominated as “ steps one to sixteen, inclusive but for undisclosed reasons pointedly avoided granting any increment to ‘ ‘ step seventeen ’ ’, the category applicable to petitioner.
In the paragraph preceding that above quoted, the statute defines “ maximum ” salary as being “ the salary of a teacher at the highest salary level which may be reached by length of service and which includes all differentials and/or increments to which he may be entitled ’ ’.
What would appear on first impression to be a matter not too difficult to resolve is, unfortunately, complicated by the Legislature’s adoption of the jargon or words of art employed by the State Education Department, local school boards and the pedagogues themselves. Such relatively common words as ‘ ‘ increments ”, “salaries” and “ salary schedules ”, customarily employed in the learned professions or in commerce cannot be accorded generally accepted definitions. Becoming cognizant that the terms may have parochial or special meanings, the court requested counsel to submit supplementary memoranda relating to the legislative intent in enacting section 3106-b of the Education Law; also, the recommendations, if any, of the Commissioner of Education and the State Department of Education as well as the Governor’s Memorandum. We wish to commend counsel for making available this requested material and presenting it in most erudite and cogent fashion.
However unclearly and stiltedly worded, it appears to us that the statutory intent is not too difficult to discern. Any doubt, furthermore, that the respondent was quite mindful of the paramount statutory injunction is revealed by its resolution dated May 12,1964, whereby it explicitly stated that it “ reserves the right to withhold any increments above the eleventh step of the salary schedule ”.
Albeit somewhat reluctantly, we feel impelled to characterize the respondent’s justifications for denying the salary increases to petitioner as casuistical and devoid of legal sufficiency.
The memorandum by Counsel to the State Education Department to the Governor, in connection with its opposition to the enactment of section 3106-a, urged with much prescience that adoption of that measure despite its limited applicability to *932 cities with populations in excess of one million, would 11 establish a precedent which may be made applicable in future years to other school districts in the State of New York This is obviously and precisely what happened by enacting section 3106-b. The respondent sought to by-pass the legislative mandate by the obvious technique of eliminating step 17 from those categories accorded salary increases.
The statutory intent cannot that easily or that readily be blunted or shunted. We suggest, if the respondent feels its intramural interpretation is to be preferred over the express statutory language, that its recourse is not by way of self-help at petitioner’s expense but by appropriate overtures to the Legislature.
The petitioner’s application is granted and the respondent’s cross motion is denied; both, however, without costs.